**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie Grey Vanaman,<br><br>    Plaintiff,<br><br>v.<br><br>Unknown McLaughlin, et al.,<br><br>    Defendants. | No. CV-17-00446-TUC-JGZ<br><br>**ORDER** |

Pending before the Court is Plaintiff's Request for Entry of Default against Defendants McLaughlin, Mischel, Mary Mitchell, and the United States of America. (Doc. 15.) Plaintiff's request will be denied because entry of default judgment is not appropriate under Rule 55(a) of the Federal Rules of Civil Procedure.

The Clerk of Court must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). "It is only when the prerequisites of Rule 55(a) are satisfied that an entry of default should be made by the clerk." *Hembd v. Roche,* No. CV 05-735, 2005 WL 8160690, * 1 (D. Ariz. August 28, 2005) (citing 10A Wright, Miller & Kane, Federal Practice and Procedure § 2682, at 14 (3rd ed. 1998)). Entry of default is not appropriate in this case because the record reflects that Defendants have not been served in accordance with Rule 4(i)(1) and (3), Fed. R. Civ. P., governing service upon the United States and its employees.

To accomplish service on the United States, Plaintiff must serve the United States Attorney for the District of Arizona and the Attorney General of the United States as directed in Rule 4(i)(1). To accomplish service on the individual Defendants, who are sued in connection with their employment by the United States, Plaintiff must serve the United States under Rule 4(i)(1) *and* the individual defendant under Rule 4(e), (f), or (g). Fed. R. Civ. P. 4(i)(3). In compliance with Rule 4(i), the Court in its September 13, 2018 Order (Doc. 11) directed the Clerk of Court to send specified documents by certified mail to the civil process clerk at the office of the United States Attorney for the District of Arizona and the Attorney General for the United States. (Doc. 11 at 17.) The Court also directed the U.S. Marshal to serve each Defendant personally pursuant to Rule 4(e)(2). (*Id.*)

The record reflects that the Marshal served Defendants Mischel and McLaughlin. (Docs. 13, 14.) However, the Process Receipt and Return form for Defendants Mischel and McLaughlin reflect that "L. Mitchell, who is designated by law to accept service of process on behalf of … BOP Legal Staff [at] USP-Tucson" accepted service for these Defendants. (Docs. 13, 14.) It is not clear that service was completed in accordance with Rule 4(i) & (e) on these individual defendants. Neither Mischel or McLaughlin are BOP legal staff, and there is no indication that either individual defendant authorized another person to accept service of process on his/her behalf. As service has not been accomplished as to any Defendant as required by Rule 4(i), Defendants are not required to plead or otherwise defend, and thus, there is no basis for entry of default. *See Hembd,* 2005 WL 8160690 at *2 ("Due to [plaintiff's] improper service, [defendant] did not 'fail to plead or otherwise defend' as defined by Rule 55(a), and an entry of default cannot be made by the clerk.").

Accordingly,

IT IS ORDERED:

1. Plaintiff's Request for Entry of Default (Doc. 15) is DENIED.

2. The Clerk of Court shall recreate the service packet as to all Defendants.

3. The United States Marshal must retain the Summons, a copy of the First

Amended Complaint (Doc. 12), a copy of the Court's September 13, 2018 Order (Doc. 11) and this Order for future use.

4. The United States Marshal must for the individual Defendants McLaughlin, Mischel, and Mitchell, personally serve a copy of the Summons, First Amended Complaint, the Court's September 13, 2018 Order (Doc. 11) and this Order at Government expense, pursuant to Rule 4(e)(2) and (i)(3) of the Federal Rules of Civil Procedure.

5. The Clerk of Court must send by certified mail a copy of the Summons for each individual Defendant, the Summons for the United States of America, the First Amended Complaint (Doc. 12), the September 13, 2018 Order (Doc. 11), and this Order to (1) the civil process clerk at the office of the United States Attorney for the District of Arizona and (2) the Attorney General of the United States, pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.

6. The time for Plaintiff to accomplish service is extended to 60 days from the filing date of this Order.

Dated this 1st day of May, 2019.

_____
Honorable Jennifer G. Zipps
United States District Judge